[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AND ORDER RE DEFENDANTS' MOTION FOR MENTALEXAMINATION
The named plaintiff, who claims that, inter alia, she has suffered mental damage because of certain actions by the defendants, has placed her mental state in issue in this case. The defendants have directed the court's attention to a number of documented events in the plaintiff's life which, they contend, could well have contributed to or have been the cause of the plaintiff's present mental or emotional difficulties. They seek to have the plaintiff examined by Walter Borden, M.D., a psychiatrist, to assess the extent to which, if any, her present CT Page 8176 symptoms are related to the subject matter of the present complaint or the earlier life events previously alluded to. The plaintiff has objected to the ordering of such an examination. Alternatively, if the examination were to be ordered, she objects to both the examiner and the scope of the examination.
As to the first issue, the plaintiff has put her mental status in issue by seeking damages for mental distress arising out of the incidents which are the subject matter of this complaint. Because the defendants have tendered an appropriate request pursuant to § 229 of the Practice Book, the court will order that the examination take place.
As to the choice of an examiner, the Practice Book provides that "no plaintiff shall be compelled to undergo a physical
examination by any physician to whom he objects in writing." (Emphasis added). Recognizing that this sentence appears in the Practice Book section entitled "Physical or Mental Examination", and applying the maxim "exclusio unius est exclusio alterius", it appears that the drafters of the rules did not intend to provide the plaintiff with an automatic veto of the defendants' choice of physician when a mental, rather than physical, examination is sought. Nevertheless, recognizing that a mental examination could seem as intrusive as a physical examination to the person being examined, this court would entertain a reasoned request for denial of the defendants' choice of a physician.
The plaintiff has not, however, presented the court with such a reasoned request. At oral argument, she referred to judicial decisions, including one authored by the undersigned, in which she claimed that Dr. Borden had been rejected by courts because of a pro-defense bias. When pressed, plaintiff's counsel had to concede that the undersigned had authored no such decision and neither at that argument nor in her brief has she presented the court with any evidence that would suggest such a bias on Dr. Borden's part. In contrast, the defendant, BIC Corporation, has cited several reported decisions in which Dr. Borden has testified as a witness of behalf of a variety of parties, frequently receiving favorable comment from the court. See, e.g.,Gold v. Warden, 222 Conn. 312, 325 (1992); Salvatore v. Dunn, 1991 CaseBase 10418, J.D. of Hartford, Dec. 20, 1991); Polmatierv. Russ, 206 Conn. 229 (1988); Statewide Grievance Commission v.Bowers, 1991 Conn. CaseBase 308 (J.D. of Hartford, Jan. 18, 1991); Nichols v. Nichols, 1991 CaseBase 10427 (J.D. of Hartford, Dec. 27, 1991). In her brief, the plaintiff has done nothing to CT Page 8177 attack Dr. Borden's credentials.
The plaintiff does propose four alternative psychiatrists to conduct the examination, but she has not proffered theircurricula vitae, as did the defendants on behalf of Dr. Borden, nor has she given any indication of their experience in litigated matters. (Indeed, this court found brief reference to only one of these physicians, without commentary from the court, in one unpublished Superior Court case.) The closest thing to a reference provided by plaintiff's counsel is the assertion that one of the physicians is also the treating psychiatrist for another one of her clients. This is hardly a reason to reject Dr. Borden. In short, the plaintiff has given this court no reason not to approve the designation of Dr. Borden as the physician to conduct the examination.
At oral argument, the plaintiff and defendants made reference to a decision of this court, Henderson v. Wolf MedicalInstruments, CV 92-0240330, 1994 Ct. Sup. 9658 (J.D. of New Haven at Meriden, Sept. 23, 1994), in which the undersigned, following the approach taken in Woodcock v. Journal Publishing,Inc., 7 Conn. L. Rptr. 85 (August 10, 1992, McWeeny, J.), granted a request for a mental examination but substantially limited its scope and duration. Unknown to the court at that time, there had been subsequent developments in the Woodcock case that had led to an agreement to modify Judge McWeeny's order. Unknown to the parties in this case, this court had issued a supplemental memorandum of decision modifying its original order in theHenderson case, based on the unreported developments in theWoodcock case as well as additional material presented to the court by the parties in Henderson. A copy of that supplemental memorandum of decision, dated November 15, 1994, which helps to inform the court's decision in this case, is appended to this memorandum of decision.[1]
Based on the foregoing, it is hereby ordered:
1) That the plaintiff, Patricia Sedlak, appear for a mental examination to be performed by Walter Borden, M.D., at his offices on 101 North Main Street, West Haven, Connecticut 06107, at a mutually agreeable time and date, but in no event later than November 15, 1996.
2) That the nature and scope of the mental examination be as follows: CT Page 8178
 (a) that the duration of the examination not exceed two hours;
 (b) that the plaintiff's attorney be permitted to observe the interview unseen from behind a "two-way" mirror, and that the defendants' attorneys, if they wish, be permitted to joint the plaintiff's attorney in this observation;
 (c) that the plaintiff's attorney be permitted to effect an audiotape recording of the interview or to arrange for a stenographer to take a transcript of the interview, said recorder or stenographer to be located in a position outside of the interview room;
 (d) that the subject matter of the interview be restricted to that which is reasonably necessary to determine whether any mental or emotional distress or anguish claimed by the plaintiff is related to allegations of wrongdoing on the part of the defendants or to some other cause.
3) In the event that Dr. Borden finds that the examination thus ordered is insufficient to complete his evaluation, the defendants may, after the examination has been completed, return to this court and, on the basis of a particularized showing, request the court to order a continuation of the examination.
4) Dr. Borden's fee shall be paid by the defendants.
5) Immediately upon receipt of any report prepared by Dr. Borden, the defendants shall forward a copy to plaintiff's counsel.
Jonathan E. Silbert, Judge